# IN THE COURT OF APPEALS OF IOWA

No. 17-0410
Filed October 10, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MARK HAASE,**
　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Steven J. Oeth,
Judge.

Mark Haase appeals his convictions for possession with intent to deliver
methamphetamine and failure to affix a drug tax stamp. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant
Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney
General, for appellee.

Considered by Vaitheswaran, P.J., Doyle, J., and Blane, S.J.[*]

---

[*] Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VAITHESWARAN, Presiding Judge.**

Boone police applied for a warrant to search the home of Mark Haase. The warrant application was partially based on information provided by Haase's ex-girlfriend. A magistrate granted the application.

The officers executed the search warrant and uncovered large amounts of cash and methamphetamine. The State subsequently charged Haase with possession with intent to deliver more than five grams of methamphetamine and failure to affix a drug tax stamp. *See* Iowa Code §§ 124.401(1)(b)(7), 453B.12 (2016). Haase moved to suppress the evidence on the ground "[t]he State misled the issuing magistrate by ignoring and withholding pertinent exculpatory evidence." The district court denied the motion. The case was tried before a jury, which found Haase guilty of both crimes. The district court imposed judgment and sentence.

On appeal, Haase asserts the Boone police officer who attested to facts in support of the search warrant application "acted with reckless disregard for the truth." He cites the officer's failure to consider his ex-girlfriend's lack of credibility.

"[R]eckless disregard can be proven in two ways": (1) "by showing directly that the affiant had serious doubts as to the veracity of an informant's statement" or (2) "from circumstances evincing 'obvious reasons to doubt the veracity of the allegations.'" *State v. Niehaus*, 452 N.W.2d 184, 187 (Iowa 1990) (citation omitted). "The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

Our de novo review of the search warrant application discloses the following key attestations about the ex-girlfriend. She was named in the application; she

lived with Haase "for approximately [one] year"; she was last inside the house just one day before the attestation was made; and she identified several hiding places for the methamphetamine, including "a black plastic mug/thermos with a removable piece concealing a hidden space inside," "tubes of caulking . . . hidden in a pile of tools in the main living room area," and a "speaker enclosure." *See State v. Frakes*, No. 17-0359, 2018 WL 1433581, at *4 (Iowa Ct. App. Mar. 21, 2018) (noting the informant "supplied specifics as to the quantity and location of drugs . . . in the home").

Certainly, the ex-girlfriend was not a model citizen. *See id.* (noting the affiant "acknowledged the informant was 'not known for credibility'"). But, as the district court stated, "[M]ost informants have issues such as drug use, questionable associates, criminal records or other characteristics which general law-abiding individuals do not have" and "[i]t is these exact circumstances that put them in a situation where they learn information which is useful to law enforcement." *See id.* (stating the officer explained he believed the informant's "statements about [the defendant] because they were against her interests and corroborated other evidence").

On our de novo review, we agree with the district court that "[t]here is nothing about the information provided by [the ex-girlfriend] or the lack of information about [her] in the warrant application which suggests or should have suggested that [her] veracity should be questioned as it relates to Haase being in possession of drugs."

We conclude the affiant did not act with reckless disregard for the truth. We affirm the district court's denial of Haase's suppression motion and his judgment and sentence.

**AFFIRMED.**